# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**OSCAR LUIS CHACON,**

    Movant,

vs.                                                 Civ. No. 97-439 JC/LCS

**UNITED STATES OF AMERICA,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDING AND RECOMMENDED DISPOSITION

This matter comes before the Court upon Movant Oscar Luis Chacon ("Chacon")'s Motion for Relief from Judgment, filed on July 28, 1999. The Court, having considered the Motion, the record and the applicable law, finds that it is not well taken and it will be denied.

**Proposed Findings**

Chacon was convicted of conspiracy to possess with intent to distribute over five kilograms of cocaine. On April 3, 1997, he filed a motion to vacate, set aside and modify sentence under 28 U.S.C. Sec. 2255. On June 30, 1997, the United States Magistrate Judge entered a report and recommendation that the motion be denied. Chacon did not object to the report and recommendation, and it was accordingly adopted by the District Court on July 29, 1997.

1

On July 28, 1999, Chacon filed this Motion for relief from the July 29, 1997 denial of his 28 U.S.C. Sec. 2255 motion, claiming that there is a reasonable probability that his 2255 motion would have been granted but for his counsel's excusable neglect in failing to investigate and properly prepare the motion. Chacon claims his counsel's neglect is excusable because the paralegal who was handling the investigation died in a car accident in December 1996. He claims in the alternative that his counsel's conduct constituted ineffective assistance which so damaged the integrity of the *habeas corpus* process that justice requires that he be allowed to file a new Section 2255 petition.

Fed.R.Civ.P.60(b) provides in part:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken...

In the present case, to the extent that Chacon relies on his counsel's excusable neglect as grounds for relief, his motion had to be filed within one year from the date of the judgment from which he seeks relief. This Motion was filed one day less than two years from the date of that judgment. Accordingly, the Court proposes finding that this part of Chacon's Motion is untimely.

Chacon argues in the alternative that his claim meets reason (b)(6) of the above rule, in that ineffective assistance of *habeas* counsel, though not in and of itself a ground for relief, could be considered "any other reason justifying relief from the operation of the judgment" if counsel's conduct affected the integrity of the court's *habeas* proceeding. The Court does not reach this argument, however, because if a party claims relief under one of the first five clauses of section (b) of the rule, it cannot by alleging the same facts pursue relief under the "catch-all" provisions of clause (b)(6). *See United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977); *see also State Bank of Southern Utah v. Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996) (court may not premise Rule 60(b)(6) relief under grounds enumerated in clauses (b)(1) through(b)(5). Accordingly, the Court proposes finding that this part of Chacon's Motion is barred.

**Recommended Disposition**

Because one of the two claims in Chacon's Motion is untimely and the other is barred, the Court recommends denying this Fed.R.Civ.P. Rule 60 (b) motion and dismissing this matter with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file with the District Court Clerk any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
**UNITED STATES MAGISTRATE JUDGE**