IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR LUIS CHACON,

    Movant,

vs.                                                            Civ. No. 97-439 JC/LCS

UNITED STATES OF AMERICA,

    Respondent.

## AMENDED MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court upon Movant Oscar Luis Chacon ("Chacon")'s Motion for Relief from Judgment, filed on July 28, 1999. On August 2, 1999, the Magistrate Judge entered proposed findings and a recommended disposition ("PFD"), recommending that the Motion be denied. Both the Movant and the Respondent filed objections to the PFD within the time limits specified in 28 U.S.C. Sec. 636(b). The Court, having reviewed those objections, finds that both are well-taken in part. Accordingly the previous PFD is withdrawn and the following is substituted in its place.

### Proposed Findings

Chacon was convicted of conspiracy to possess with intent to distribute over five kilograms of cocaine. On April 3, 1997, he filed a motion to vacate, set aside and modify sentence under 28 U.S.C. Sec. 2255. On June 30, 1997, the United States Magistrate Judge

1

entered a report and recommendation that the motion be denied. Chacon did not object to the report and recommendation, and it was accordingly adopted by the District Court on July 29, 1997.

On July 28, 1999, Chacon filed this Motion under Fed.R.Civ.P. 60(b)for relief from the July 29, 1997 denial of his 28 U.S.C. Sec. 2255 motion, claiming that there is a reasonable probability that his 2255 motion would have been granted but for his post-conviction counsel's failing to investigate and properly prepare the motion. Rule 60(b) provides in part:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken...

Chacon requests relief under Rule 60(b)(1), claiming that his counsel's failure to raise the appropriate issues in his Section 2255 motion was due to excusable neglect because the paralegal who was handling the investigation died in a car accident in December 1996. He claims in the alternative that he is entitled to relief under Rule 60(b)(6) because his counsel's failure to raise the appropriate issues in his Section 2255 motion was ineffective assistance of counsel which so damaged the integrity of the post-conviction review process that it justifies allowing him to file a new Section 2255 motion.

The Tenth Circuit holds that Rule 60 (b) motions are subject to the successive petition restrictions contained in the amendments to 28 U.S.C. Sec. 2244(b). *See Lopez v. Douglas,* 141 F.3d 974, 975 (10th Circuit 1998). Those restrictions are:

1. The motion must be certified by a panel of the appropriate court of appeals; and
2. it must be based on either
    a. a new (and previously unavailable) rule of constitutional law, which the Supreme Court made retroactive to cases on collateral review; or
    b. newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense.

In the present case, the Court proposes finding that Chacon's motion does not meet the first criterion, it does not have jurisdiction to decide this motion. Accordingly, it re commends that the motion be dismissed.

Chacon relies on *dicta* from a recent Seventh Circuit case, *Banks v. United States*, 167 F.3d 1082, 1083-84 (7th Cir. 1999), which created an exception to this rule. In *Banks*, the Court stated that a claim of conduct on the part of counsel which was sufficiently egregious to affect the integrity of the *habeas corpus* proceeding would meet the requirements of rule 60(b), and that such a Rule 60 (b) motion would be considered by the Court independent of the provisions of 28 U.S.C. Sec. 2254. However, until the Tenth Circuit either overrules *Lopez* or recognizes such an exception, this Court is bound by the holding of that case.[1]

Even if the Tenth Circuit were to recognize the *Banks* exception to the requirements of 28 U.S.C. Sec.2244 for Rule 60 (b) motions, the result in this case would not change. To the extent

---

[1] Even were this Court not bound to follow *Lopez*, it would choose to do so because *Lopez* is better reasoned than *Banks*. Congress' intent in enacting the AEDPA was to limit both the time for filing original petitions and the grounds for filing successive petitions. Allowing motions under Rule 60(b)(6) thwarts this intent.

that Chacon relies on his counsel's excusable neglect as grounds for relief, his motion would have to have been filed within one year from the date of the judgment from which he seeks relief. The Motion was filed one day less than two years from the date of that judgment. Accordingly, the Motion is untimely.

As to Chacon's Rule 60(b)(6) claim, the *Banks* case provides no guidance as to when counsel's conduct affects the integrity of the proceeding. Chacon's argument assumes that ineffective assistance of counsel affects the integrity of post-conviction proceedings. However, the Seventh Circuit did not so state in *Banks*. Because there is no right to the assistance of counsel in *habeas corpus* proceedings, *Ross v. Moffitt,* 417 U.S. 600, 618-19 (1974) the integrity of the proceedings would not seem to depend on effective assistance of counsel. *Cf. Bloomer v. United States*, 162 F.3d 187, 191 (2d Cir. 1998) ( Ineffective assistance of counsel does not constitute cause sufficient to excuse failure to raise claims in previous *habeas corpus* petition); *see also* 28 U.S.C. Sec. 2254(i) "The ineffectiveness or incompetence of trial counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." This Court would therefore propose finding that mere ineffective assistance of counsel, standing alone, would not be enough to allow reopening of a judgment denying a 28 U.S.C. Sec. 2255 motion.[2] As Chacon's Rule 60(b)(6) claim is based only upon a claim of ineffective assistance of counsel, the Court proposes finding that does not meet the threshold standard of *Banks*.

---

[2] This raises the question of what, in the Seventh Circuit's view, would affect the integrity of a *habeas corpus* proceeding. This Court will decline to speculate beyond pointing out that the use of the term "integrity" suggests that fraud, corruption and/or bias of the court or counsel might meet the test.

Finally, even if a finding of ineffective assistance of counsel, without more, were sufficient to allow reopening of a judgment under Rule 60(b)(6), the Court would propose finding that Chacon has not alleged facts which would lead this Court to make such a finding. To establish a claim for ineffective assistance of counsel, the movant must demonstrate that his counsel's conduct fell below the standard of a reasonably competent attorney, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *U.S. v. Ruth*, 100 F.3d 111, 113 (10th Cir. 1996). In the present case, Chacon alleges his post-conviction counsel done a competent investigation, he would have found and raised two issues, both of which had a reasonable probability of success on the merits. However, the Court proposes finding that these contentions are without merit.

Chacon first contends that had his post-conviction counsel investigated competently, he would have discovered that his trial counsel had a conflict of interest by having represented the Government's star witness some five years before the trial.[3] While Chacon's trial counsel disclosed this prior representation to the Court, he did not cross-examine the witness as thoroughly as he would have had he not represented him previously. Specifically, Chacon contends that because his trial lawyer represented the witness in three criminal matters, he should have at least impeached him by pointing out these prior bad acts.

Chacon does not allege that these prior bad acts resulted in convictions. Accordingly, the Court cannot determine if such a cross-examination would even have been permitted. See Fed. R. Evid. 608 and 609. Absent such a determination, the Court cannot propose finding that Chacon's

---

[3] The Court assumes *arguendo* that this constitutes a conflict of interest.

trial attorney's prior representation of the Government's star witness adversely affected his performance in Chacon's trial. *See United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995). Without that determination, the Court cannot propose finding that there is a reasonable probability that, had Chacon's post-conviction counsel raised this issue, his Section 2255 motion would have been granted.

Chacon's other contention is that competent investigation by his post-conviction counsel would have revealed that his trial counsel acted unreasonably in not objecting to the presentence report's recommendation that he receive two upward adjustments in his sentence; one for obstruction of justice, and one for being an "organizer, leader, manager or supervisor" in the offense. Chacon contends that, had his trial counsel objected, the Court would have had to find that specific testimony was false, material and not provided as a result of confusion, mistake or faulty memory. Chacon claims that he did not discuss his testimony with his trial counsel before he testified. While this was unwise, it does not render reasonably probable that the trial judge would therefore have determined that his testimony was the result of confusion, rather than outright lies.

Chacon also argues that his post-conviction counsel should have raised the issue of his trial counsel's failure to object to the pre-sentence report's recommendation that he receive an upward adjustment for being an "organizer, leader, manager or supervisor." Because Chacon was one of the renters of the warehouse where the drugs were stored, it is not reasonably probable that the trial judge would have varied from the recommendation of the pre-sentence report even had the objection been made. Accordingly, the Court cannot propose finding that there is a reasonable probability that, had post-conviction counsel raised these two issues, the Section 2255

6

motion would have been granted.

Since the Court proposes finding that none of Chacon's claims meet the second prong of the *Ruth* test, it proposes finding that his post-conviction counsel's representation was not constitutionally ineffective. Thus, even if the Court were to adopt both the exception to the successive petition bar that the Seventh Circuit proposed in *dicta* in the *Banks* opinion, and even if the Court were to accept Chacon's argument that mere ineffective assistance of post-conviction counsel, without more, meets the *Banks* test for granting relief under Rule 60(b)(6), the Court would still recommend denying the Motion on the grounds that Chacon has not shown that his post-conviction counsel's assistance was ineffective.

## Recommended Disposition

The Court recommends that Chacon's Rule 60(b) motion be dismissed. A party who desires review of the Magistrate Judge's Proposed Findings and Recommended Disposition must file written objections with the District Court Clerk within ten days after that party receives a copy of them. Failure to timely file objections waives the right to seek review by either the District Court or the Court of Appeals.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**